CARR v. BOSWORTH ET AL.

1. **Pleading:** DEMURRER TO ANSWER IN DENIAL. Where an answer denies knowledge or informatiom sufficient to form a belief as to the truthfulness of the material allegations of a petition, a demurrer to such answer cannot properly be sustained. Code, § 2655, par. 2.

2. ———: RECORD IN FORMER CASE AS EXHIBIT: DENIAL OF. The transcript of the record in a former cause is not so solemn that, when made an exhibit to a petition by one of the parties in a suit against the other, the other cannot deny it in his answer.

*Appeal from Palo Alto District Court.*

FRIDAY, APRIL 23.

ACTION in chancery to quiet the title of plaintiff in certain lands. The defendants separately answered the petition, and set up claims for relief in separate cross-bills, to all of which demurrers were sustained; and, defendants refusing to plead further, a decree was entered against all of the defendants granting the relief prayed by plaintiff. Defendants appeal.

*Harrison & Jenswold,* for appellants.

*Soper, Crawford & Carr,* for appellee.

BECK, J.—I. The petition alleges that one Rider, being the owner of the land in controversy, in 1873, with his wife, conveyed it by mortgage to one Lincoln; that in 1874, defendants, Bosworth & Sons, recovered a judgment in the district court of the county wherein the land is situated against Rider; that in 1875 a proceeding to foreclose the mortgage was brought against Rider and wife and others and the Bosworths, and notice was served on the defendants last named by publication, they being non-residents of the state, and upon the other defendants personally, and that in the same year a decree was entered and the land was sold thereon to one Bateman, and in the following year a sheriff's deed of the land was made to him. It is alleged that proof of publication and some other papers connected with the case are lost. A copy of the record, so far as the same remains, is made an exhibit to the petition. The petition shows that prior to the commencement of foreclosure proceedings, in 1875, the Bosworths caused the land to be sold upon their execution; that the sale was wholly abandoned until 1884, when a sheriff's deed was made thereon to the Bosworths, who conveyed their interest to co-defendant Ware. It is further shown that plaintiff acquired the title obtained by Bateman through several intermediate conveyances. It is alleged that the sheriff's sale to the Bosworths is void, and is a cloud upon plaintiff's title, which it is prayed may be removed by the decree to be rendered in this case.

The defendants file separate answers and cross-petitions, but they are substantially alike as to the allegations therein recited. In their answer they deny " that they have any knowledge or information sufficient to form a belief as to the truth" of the allegations contained in specified paragraphs of the petition. This, in effect, is a denial of the matter pleaded in these paragraphs, and puts the same in issue. Code, § 2655, par. 2. These paragraphs allege and show the mortgage upon which the foreclosure was had, the foreclosure proceedings, the chain of title under which plaintiff claims, and the allegation that the sheriff's deed under which defendants claim is void. Some of these allegations, and perhaps others not generally denied, are specifically denied in other parts of the answers and cross-bills. It is sufficient to say that the allegations thus denied are those upon which rests the very right of plaintiff to the relief sought. The cross-bill sets up facts upon which, if they be established, defendants would have the right to redeem from the mortgage and the foreclosure. The plaintiff demurred to the respective answers and cross-bills on the ground that they present no defense to his petition, and no grounds for the relief prayed for by defendants.

II. It will be at once seen that the demurrers were erroneously sustained. They admit the allegations of the answers and cross-bill, which deny the very foundation facts upon which plaintiff rests his claim for relief, or present facts which, if admitted or established, give defendants the right to the relief they seek. This conclusion demands for its support the citation of no authority here; it is based upon the most familiar doctrines.

1. PLEADING: demurrer to answer in denial.

III. Counsel for plaintiff seems to rest for support of the ruling of court below upon the fact that a certified copy of the record in the foreclosure proceeding was filed as an exhibit to the petition, and they seem to think that defendants cannot deny this record by their answer. Counsel appear to contend that the exhibit is to

2. ——: record in former case as exhibit: denial of.

Carr v. Bosworth et al.

have the force of evidence in the case, and, as it is the solemn record of a court, it cannot be impeached. But they have forgotten that the exhibit is not evidence; that it serves but to aid or extend the allegations of the pleadings to which it is annexed. It is simply a part of the pleadings, and may be denied, as any other part; and it cannot be doubted that defendant, if he can do so, may offer evidence to impeach the record, if it be admitted in evidence, or resist its admission, on the ground that it is not authenticated, or upon its face appears to be illegal and void. This transcript of the record, made an exhibit to plaintiff's petition, is not so solemn that it cannot be denied in a pleading, or tested for its authenticity, regularity and validity, when offered in evidence. There are at least some allegations of the plaintiff's petition not supported by exhibits, as those just referred to. In this way plaintiff's chain of title to the land is pleaded. Defendants deny these allegations, thus striking at the very foundation of plaintiff's claim to recover. The demurrer admits the truth of this denial, thus leaving plaintiff without ground of recovery. It plainly appears that the answers and cross-bills presented sufficient defenses to plaintiff's action, and grounds for the relief sought by defendants.

The decree of the district court is reversed, and the cause is remanded for further proceedings in harmony with this opinion.

REVERSED.