KATHERINE H. COSTELLO & others *vs.* HYMEN TASKER & another.

Suffolk. March 8, 1917. — May 26, 1917.

Present: RUGG, C. J., BRALEY, DE COURCY, PIERCE, & CARROLL, JJ.

*Equity Pleading and Practice,* Answer, Replication. *Waiver. Equity Jurisdiction,* Specific performance. *Contract,* Performance and breach.

An answer filed in a suit in equity which consists of a mere denial of the allegations in each paragraph of the bill, in the manner of a general denial in an action at law, cannot be considered a compliance with the rules of equity pleading; but, if the plaintiff files a replication to such an answer simply joining issue thereon, he waives any objection to the insufficiency.

In a suit for the specific performance of a contract in writing to purchase a certain parcel of land from the plaintiff, where it appears that by the contract the plaintiff agreed to convey a good and clear title to the parcel in question by a sufficient deed and that he was unable to make a good title, a failure on the part of the defendant to appear at the time and place named for performance is immaterial.

Where in such a suit it appears that the plaintiff's title might be made good by taking the proper steps to enable an administrator to convey the interest in the land of a certain intestate, although, if this were done after the filing of the bill and before the trial of the suit on its merits, the defendant would have no excuse for non-performance of his contract to purchase the land, yet, if at the time of the trial no such steps to perfect the plaintiff's title have been taken, the bill must be dismissed.

BILL IN EQUITY, inserted in a common law writ in the Superior Court dated May 5, 1916, to compel the specific performance of two agreements in writing, designated as "A" and "B," dated January 26, 1916, to purchase from the plaintiffs at the prices therein named certain parcels of land in the part of Boston called Dorchester.

The contract designated as "A" contained the following paragraph:

"Said premises are to be conveyed on or before February 21, 1916, by a good and sufficient deed of the party of the first part, conveying a good and clear title to the same free from all incumbrances, and for such deed and conveyance the party of second part is to pay the sum of forty-three hundred and eighty ($4380.00) dollars of which two hundred ($200.00) dollars have been paid this day, forty-one hundred and eighty ($4180.) dollars are to be paid in cash upon the delivery of said deed."

The contract designated as "B" contained the following paragraph:

"Said premises are to be conveyed on or before April 26th, 1916, by a good and sufficient deed of the party of the first part, conveying a good and clear title to the same free from all incumbrances. No restrictions, and for such deed and conveyance the party of the second part is to pay the sum of twenty-eight [hundred] ($2800). dollars of which one hundred ($100). dollars have been paid this day, twenty-seven hundred ($2700). Dollars are to be paid in cash upon the delivery of said deed. Said Two hundred ($200). is to be considered an option on said property in case the parties of the second part do not fulfill the terms of this agreement by purchasing and no part thereof is to be refunded."

Each of the two defendants demurred to the bill, and their demurrers were overruled.

Each of the two defendants also filed the following answer:

"And now comes the defendant . . . in the above entitled cause and not waiving his demurrer nor his appeal from the order overruling the same, but insisting upon both, for answer to the bill of complaint, says:

1. He denies the allegations in paragraph 1.
2. " " " " " " 2.
3. " " " " " " 3.
4. " " " " " " 4.
5. " " " " " " 5.
6. " " " . " " " 6.
7. " " " " " ' " 7.
8. " " " " " " 8.
9. " " " " " " 9."

The plaintiffs filed the following replication:

"Now come the plaintiffs in the above entitled cause and join issue on the defendants' answer."

The case was heard by *Jenney,* J., who found the facts that are referred to in the opinion. He made a decree dismissing the bill with one bill of costs in favor of both defendants. The plaintiffs appealed.

*C. J. Martell,* for the plaintiffs.

*E. Greenhood,* for the defendants.

BRALEY, J.   It is elementary law that the office of an answer is to controvert the facts or some of them alleged in the bill, and to set up other facts upon which the rights of the defendant depend in the subject matter of the suit.   While exceptions to its insufficiency can no longer be alleged, it would have been on the record appropriate practice for the plaintiffs to have moved to take the bill for confessed because each defendant filed only a general denial.   *Pearson* v. *Treadwell*, 179 Mass. 462, 467, 468. *Reed* v. *Cumberland Mutual Fire Ins. Co.* 9 Stew. 393.   *McTwiggan* v. *Hunter*, 19 R. I. 68.   *Whittemore* v. *Patten*, 81 Fed. Rep. 527. The rule, even where the oath is waived or rendered unnecessary by statute, is that the plaintiff is entitled to discovery as to the matters charged in the bill, and, if the defendant answers, he must answer fully except as to matters which are "purely scandalous or immaterial or irrelevant," or, if he is wholly ignorant, he may aver that he cannot further answer either as to his knowledge or belief.   The answer also may admit the allegations as stated in the bill with or without averring additional facts, thus making a case for the decision of the court.   But, if all the facts are not admitted, the plaintiff by a replication may join issue, which completes the pleadings.   *Mazarredo* v. *Maitland*, 3 Madd. 66. *Bank of Utica* v. *Messereau*, 7 Paige, 517.   *King* v. *Ray*, 11 Paige, 235.   *Morris* v. *Parker*, 3 Johns. Ch. 297.   *Warren* v. *Warren*, 30 Vt. 530.   *Carr* v. *Bosworth*, 68 Iowa, 669.

It is hardly necessary to add that a general denial of each and every paragraph or item, while entirely suitable as an answer to a count upon an account annexed, cannot be considered a compliance with the requirements of an answer to a bill in equity. *Moors* v. *Moors*, 17 N. H. 481.   *Woods* v. *Morrell*, 1 John. Ch. 103, 107.   The plaintiffs, however, having waived the insufficiency by joining issue, we consider the case on the merits.   *Slater* v. *Maxwell*, 6 Wall. 268.

The plaintiffs as vendors engaged to convey a good and clear title to the parcel in question by a sufficient deed, and, if they were unable to perform the contract, the default of the defendants, the purchasers, at the time and place named for performance is immaterial.   *Noyes* v. *Johnson*, 139 Mass. 436.   *First African Methodist Episcopal Society* v. *Brown*, 147 Mass. 296.   *Mansfield* v. *Wiles*, 221 Mass. 75, 81–83.

If the minor Richard W. Costello had not died after the license to sell his undivided one quarter interest had been obtained, a good title could have been tendered. But by his death before the sale could be consummated the guardianship terminated, his title was divested and passed to his mother, the plaintiff Elizabeth W. Costello, as his next of kin, who, although appointed administratrix of his estate, and a party to the contract in her own right, is not shown to have taken any steps which would enable her to convey an indefeasible or unimpeachable title of the intestate's interest to the defendants. *Chauncey* v. *Leominster*, 172 Mass. 340.

A compliance with this requirement, even after the bill was filed and before trial of the merits, would have been sufficient, and the defendants would not have been permitted on this ground to excuse themselves from performance. *Dresel* v. *Jordan*, 104 Mass. 407, 414, 415, 416. *National Webster Bank* v. *Eldridge*, 115 Mass. 424, 428. The plaintiffs having failed to prove that the title tendered by the bill will not expose the defendants to litigation, the decree dismissing the bill should be affirmed with costs. *Sturtevant* v. *Jaques*, 14 Allen, 523, 526. *Foster, Hall & Adams Co.* v. *Sayles*, 213 Mass. 319, 321.

*Ordered accordingly.*