ALEXANDER STRUMSKIS v. ANNA TILENAS.

Suffolk.    April 2, 1929. — October 2, 1929.

Present: RUGG, C.J., CROSBY, PIERCE, WAIT, & SANDERSON, JJ.

*Equity Jurisdiction*, Specific performance.    *Equity Pleading and Practice*,
    Answer, Waiver of defect in pleading.    *Waiver*.

If in a suit in equity for specific performance of an agreement in writing
    for an exchange of real estate, there is upon the pleadings a joinder
    upon an averment by the plaintiff that he was ready, willing and able
    to tender to the defendant the deed called for by the agreement, but
    no evidence is offered at the hearing sufficient to support a finding
    that such averment was sustained, the bill must be dismissed.
In a bill in equity for specific performance of an agreement in writing
    for an exchange of real estate, the plaintiff averred that he "at all
    times was and is ready, willing and able to carry through all the re-
    quirements of said agreement."    The answer stated merely that the
    defendant neither affirmed nor denied that allegation but called upon
    the plaintiff "to prove the same."    No question of the sufficiency of
    the answer was raised.    At the hearing of the suit, there was no

evidence as to the state of the plaintiff's title.  The judge found that the allegation in the bill above described was not sustained, and ordered the bill dismissed.  The plaintiff appealed.  *Held,* that

(1) Although the quoted clause in the answer was insufficient, in the circumstances the plaintiff was not justified in assuming that the defendant must be taken to have admitted the truth of the allegation;

(2) This court considered the case as if there had been a proper joinder upon that issue.

Certain remarks by the judge in the course of the taking of evidence before him in the suit above described were *held* not to show that the plaintiff was misled into a belief that he was not required to prove the averment of readiness, willingness and ability on his part to satisfy the requirements of the contract upon which he relied.

The mere fact that, before the date set for performance of the agreement above described, the defendant had refused to perform, so that the plaintiff was not bound to prove a tender of a deed, did not relieve the plaintiff at the hearing of the suit of the necessity of proving that he was ready, willing and able to perform his part of the agreement.

BILL IN EQUITY, filed in the Superior Court on August 24, 1927, and described in the opinion.

The averment in the bill of the plaintiff's readiness, willingness and ability to perform was in the third paragraph. The defendant's answer to that paragraph was: "3. Your respondent neither affirms nor denies the allegation contained in paragraph # 3 of the complainant's bill, and calls upon the complainant to prove the same."

The suit was heard by *Greenhalge,* J.  Nine months after the hearing and over eight months after the judge had made his findings and rulings, on motion by the plaintiff, a stenographer who had taken the testimony was appointed a "commissioner to take evidence" *nunc pro tunc* as of the time the testimony was taken.

Material facts found by the judge are stated in the opinion.  By his order a final decree was entered dismissing the bill without costs.  The plaintiff appealed.

The case was submitted on briefs.

*E. M. Dangel, L. E. Sherry, & S. Rice,* for the plaintiff.

*A. E. Reimer,* for the defendant.

WAIT, J.  This is a bill for specific performance of a written agreement for an exchange of mortgaged real estate signed by the parties on August 15, and to be performed by them on August 23, 1927, through the exchange

of deeds of conveyance and payment of the difference in the agreed values of the equities in cash by the defendant to the plaintiff. The defendant within two or three days after August 15, gave notice that she would not carry out the agreement and refused to go on with the transaction. The bill was filed on August 24, 1927, and alleges that the plaintiff "at all times was and is ready, willing and able to carry through all the requirements of said agreement." The answer admitted the execution of the agreement and the refusal to carry it out, and set up in defence that the plaintiff made false representations in reference to his property, and that upon ascertaining the true facts of the situation the defendant refused and still refuses to carry out the agreement unless ordered so to do by the court. It neither admitted nor denied the plaintiff's readiness to perform but called for proof thereof.

The court found that "the transaction appears to have been effected hastily, upon a bare inspection of the premises, and without affording the defendant any opportunity for investigation or reflection"; but that "the plaintiff was not responsible for the manner in which the transaction was conducted and that he did not make any false statements or representations to the defendant with respect to his property or with respect to any other material fact in connection with the matter." In his "statement of findings and rulings and order for decree" the judge set out: "The bill alleges that the plaintiff 'at all times was and is ready, willing and able to carry through all the requirements of said agreement.' If this is broad enough to be construed as an allegation that the plaintiff is ready, willing and able to tender the defendant 'a good and sufficient quitclaim deed conveying a good and clear title to the same (the premises of the plaintiff), free from all encumbrances, easements, restrictions and betterments, if any, now in force and applicable and subject to as above mentioned', as required by the agreement, there was no sufficient evidence to support it offered at the hearing and, so far as appeared, no examination of the plaintiff's title was made in connection with the matter by any one. Upon

all the evidence and in the exercise of such discretion as I have in the premises, I am not satisfied that a case is presented which requires a decree for specific performance." He ordered entry of a decree dismissing the bill without costs.

Manifestly it would be inequitable to order specific performance by the defendant unless the court is satisfied that she will receive what she contracted to obtain. Proof that he could give the defendant the title which the agreement called for was an essential element in the plaintiff's case. *Sturtevant* v. *Jaques*, 14 Allen, 523, 526. *First African Methodist Episcopal Society* v. *Brown*, 147 Mass. 296, 298. *Foster, Hall & Adams Co.* v. *Sayles*, 213 Mass. 319, 321. *Costello* v. *Tasker*, 227 Mass. 220, 223. The averment of readiness, willingness and ability in the bill does not satisfy the burden of proof. *Thaxter* v. *Sprague*, 159 Mass. 397. It is true that the clause of the answer which demands proof that the plaintiff was able to convey title as agreed is insufficient. *Burke* v. *McLaughlin*, 246 Mass. 533, 537. *Costello* v. *Tasker, supra.* *Dailey* v. *Doherty*, 237 Mass. 365, 369. *Volpe* v. *Sensatini*, 249 Mass. 132. *Corkum* v. *Clark*, 263 Mass. 378. It did not allege ignorance in regard to the state of the title, which by Equity Rule 6 (1926) would have amounted to a sufficient denial of the allegation. It simply stated that the defendant neither affirmed nor denied the allegation of the bill. This did not even amount to a general denial. But no question of the sufficiency of the answer was raised before the hearing, and we consider the case as if there had been a proper joinder upon this issue. *Corkum* v. *Clark, supra.* We do not think the plaintiff was justified in assuming that the defendant must be taken to have admitted the truth of the allegation. See *Piper* v. *C. L. Hayden Co.* 254 Mass. 317. The evidence justified a finding that the defendant was ignorant of the state of the plaintiff's title. There was no evidence offered in regard to it.

Nor do we think that the plaintiff can successfully maintain that he was misled in regard to this element of his proof at the hearing. The judge's statement that "I understand the defence is that a misrepresentation was made as to the

property" with the assent of the defendant's counsel thereto, related to what was then being introduced in evidence, and cannot be taken as confining the plaintiff to that issue. The later statement: "The sole question is whether the defendant is able to make out a case of fraud with respect to the rental of this store and the payment of the rent. That is the only issue here as I understand it," was made after the plaintiff had rested his case and when he was seeking, in cross-examination of the defendant, to show that she had made loans to various persons, in an endeavor to show her acquaintance with business matters. It was directed to keeping the cross-examination within reasonable limits, and not to fixing the issues of the trial.

The plaintiff was not bound to prove that he tendered a deed. A formal tender was not necessary where the defendant before the day set for performance had announced her intention not to carry out the transaction, and instructed the attorney not to examine the plaintiff's title. *Roche* v. *Fairbanks*, 254 Mass. 7, 9. *Hazen* v. *Warwick*, 256 Mass. 302, 307. Pomeroy, Specific Performance of Contracts (3d ed.) § 361. *Harvey* v. *Bross*, 216 Mass. 57, cited by the defendant, differs essentially on its facts and is not controlling here. But, as has been stated, proof of ability to perform his obligation to convey was essential, and this proof was not furnished. We need not consider whether, if it had been supplied, the court had discretion to refuse the relief sought.

*Decree affirmed.*