KATHERINE T. BARTHOLOMEW, administratrix, *vs.* WALDORF SYSTEM INCORPORATED.

Middlesex.    February 5, 1935. — June 27, 1935.

Present: RUGG, C.J., PIERCE, FIELD, DONAHUE, & QUA, JJ.

*Contract*, Performance and breach, Rescission. *Equity Pleading and Practice*, Answer, Waiver.

Though the respondent's general denial of facts alleged in a petition in equity in a probate court was insufficient, the petitioner's going to hearing on the merits without challenging the form of the answer waived the insufficiency, and on appeal such facts were not taken as admitted.

A bill in equity by the personal representative of a deceased employee of a corporation for cancellation of a contract for the sale by it of shares of its stock to the decedent rightly was dismissed after findings by the trial judge that the sale was executed and was not conditioned upon the continued life or employment of the employee, nor upon restraint upon his reselling the stock, nor upon the market value of the stock not falling below the price paid by him, nor upon dividends continuing to be paid on the stock.

PETITION in equity, filed in the Probate Court for the county of Middlesex on June 23, 1933.

The petition was heard by *Monahan, J.*

*J. J. Cox,* (*M. A. Scanlon* with him,) for the petitioner.

*F. Fish,* for the respondent.

FIELD, J.   This is a petition in equity filed in the Probate Court June 23, 1933, by the administratrix of the estate of Maurice J. Bartholomew, who died March 17, 1930, against the Waldorf System Incorporated.   The petition alleges an agreement between the petitioner's intestate — then and for some time previously employed by the respondent — and the respondent, made in January, 1930, with reference to one thousand shares of common stock of the respondent corporation for which the intestate had made a payment of $2,000 and given his note for $18,000 secured by a pledge of such stock, and prays for cancellation of the agreement and an order for the repayment of $2,000 with interest less dividends received by the petitioner.   The case was heard on evidence.   The petition was dismissed and the petitioner appealed.   There is a report of material facts, but no report of the evidence except as evidence is set forth in this report.

The petition was dismissed rightly.

The substance of the petitioner's contention is that the agreement between the intestate and the respondent has not been fully performed and that action required thereunder on the part of the intestate is so personal in its nature that performance has become impossible by reason of his death, and consequently the contract has been dissolved. See *Stearns* v. *Blevins,* 262 Mass. 577; Am. Law Inst. Restatement: Contracts, § 459.

The petitioner argues that the allegations of the petition are admitted by the respondent and that the facts so admitted entitle the petitioner to a decree in her favor.   By its answer the respondent "denies the allegations of said petition, and says that the deceased, said Maurice J. Bartholomew, did purchase of it one thousand (1,000) shares of its common stock which he paid for in full against the delivery of said stock, and that to accomplish said payment, said deceased borrowed funds from a bank on his note secured by a pledge by him of said stock so purchased."

The petitioner urges that the answer does not comply with Equity Rule 4 of the Probate Courts (1924) providing that the "respondent shall answer fully, directly and specifically to every material allegation or statement in the petition." See now Equity Rule 28 of the Probate Courts (1934). Except for certain specific allegations therein the answer is in form a general denial. And a general denial does not satisfy the requirements of the rule. *Costello* v. *Tasker*, 227 Mass. 220, 222. To what extent the specific allegations in the answer supply the deficiency we need not inquire, for, so far as appears, the petitioner went to trial on the merits without raising any question as to the sufficiency of the answer and at no time during the trial raised any such question. In these circumstances it must be taken that any insufficiency in the answer was waived by the petitioner and that the respondent denied all the allegations of the petition not impliedly admitted by the specific allegations of the answer. *Volpe* v. *Sensatini*, 249 Mass. 132, 134. *Strumskis* v. *Tilenas*, 268 Mass. 550, 553. Consequently it is unnecessary to consider whether on the allegations of the petition, if taken as true, the petitioner would be entitled to a decree. The case must be decided on the facts found.

The findings of the judge include these: ". . . in January, 1930, an agreement was made between the decedent and the respondent . . . the decedent was to become the record holder of 1000 shares of Waldorf System Incorporated stock at a named price of $20 per share, an arrangement by which $2000 in cash was to be paid by the decedent and the balance of $18,000 was to be obtained by a loan from a Bank which the respondent agreed to arrange and procure, the decedent to sign a promissory note and the stock to be pledged as security with the Bank. In accordance with said agreement the decedent paid the respondent $2000 in cash and the respondent arranged and procured from the Atlantic National Bank of Boston a loan of $18,000; the decedent signed a note payable in 90 days and the respondent received the proceeds of the said loan and thereupon issued in the name of the decedent a stock

certificate for 1000 shares of its common stock; said certificate was delivered to the Bank by the said respondent and the Bank thereupon required the decedent to execute a Power of Sale in blank." There was "no agreement entered into between the petitioner's intestate Maurice J. Bartholomew and the respondent whereby the respondent was to indemnify the said Bartholomew and hold him harmless if the stock went below $20 per share or failed to pay dividends or if for any cause the said Bartholomew was unable to carry out his part of the alleged agreement. . . . there was a completed transaction between petitioner's intestate Maurice J. Bartholomew and the respondent . . . nothing more remained to be done between the said Bartholomew and respondent of a personal nature. . . . there was no agreement between the petitioner's intestate and respondent that the decedent would not, or could not, sell his stock within one year after its purchase. . . . there was no agreement between the decedent and the respondent based upon the said Maurice J. Bartholomew's continued life and employment by the respondent."

There are other findings with respect to the conduct of the petitioner and of the respondent and its president after the death of the intestate. None of these findings, however, is inconsistent with the findings above set forth. Nor on the recitals of the testimony contained in the report, in the absence of a report of all the evidence, can the findings above set forth be said to be plainly wrong. The decree, therefore, must stand unless a different decree is required by these findings. *Hanson* v. *Hanson*, 287 Mass. 154.

The facts found by the judge dispose of the petitioner's contention. Nothing further remained to be done by the intestate under his agreement with the respondent. It was fully performed on both sides. The only obligation resting on the intestate was to pay the note which he gave to the bank. The obligation to make such payment was not conditional on the intestate's continuing to live or to be employed by the respondent. And such payment was

not something which could be performed only by the intestate personally. It could be performed by his administratrix. The facts found by the judge in regard to subsequent agreements between the respondent and the bank with reference to the note, the payment of interest thereon by the respondent, the acquisition by it of the note and transactions between the petitioner and the respondent and its president do not affect the rights or obligations of the parties as they were fixed by the original agreement. There is nothing in the findings inconsistent with the finding of the judge that "the President of the respondent corporation tried to assist the petitioner, the widow, after the death of the decedent, not as a part of any agreement, but assisted solely from a spirit of friendship he had for the intestate."

*Decree affirmed.*