ADOLPHE PLANTE *vs.* STEPHEN LOURO.

Bristol.   November 7, 1962. — February 11, 1963.

Present: WILKINS, C.J., SPALDING, WHITTEMORE, CUTTER, KIRK,
& SPIEGEL, JJ.

*Practice, Civil,* Demand for admission of facts; Report; Failure to answer;
Waiver; Costs; Exceptions: order for preparation of papers. *Con-
tract,* Building contract, Performance and breach. *Accord and Satis-
faction. Clerk of Courts.*

A judge of the Superior Court cannot by a report under G. L. c. 231,
§ 111, present for review orders and rulings of other judges in the
case.   [458]
In an action heard in the Superior Court, a finding for the plaintiff based
upon the reports of an auditor, who had disregarded a demand for
admission of facts by the defendant to which the plaintiff had filed an
answer not in compliance with G. L. c. 231, § 69, as amended through
St. 1946, c. 450, because not sworn to, was not precluded by such non-
compliance where the trial judge's disposition of motions by the plaintiff
directed to supplying the necessary affidavit manifested an intent on the
part of the judge to relieve the plaintiff from the admissions arising
from his defective answer, and such relief in the circumstances was
justified at the time it was granted.   [459–460, 462–463]
An affidavit by the attorney for a party in an action, instead of by the
party, as to the truth of answers to the opponent's demand for admission
of facts was not a compliance with G. L. c. 231, § 69, as amended
through St. 1946, c. 450.   [463]
In an action by a contractor for a balance due for the construction of a
house for the defendant, a purported admission by the plaintiff that the
defendant had fulfilled all his "obligations" except that of payment
under the construction contract could not be the basis for an order for
judgment for the defendant under G. L. c. 231, § 59, and was insig-
nificant where express findings by an auditor upon whose reports the
action was heard established that no obligations other than that of pay-
ment were in issue.   [463–464]
Allegations of overpayment in a declaration in set-off of the defendant
in an action by a contractor for a balance due under a construction
contract must be taken as denied by the plaintiff notwithstanding his
failure to file an answer to the declaration in set-off where the de-
fendant's motion to default the plaintiff was not filed until five months
after the filing of the declaration in set-off and after an auditor had
heard the case, was not brought on for disposition until nearly two years
after the filing of the declaration in set-off, and was denied.   [464]

In an action by a contractor for a balance due under an alleged contract with the defendant to construct a house at cost plus the fair value of the plaintiff's own work, in which the defendant contended that the contract was for a fixed sum which he had paid, findings by an auditor did not require a conclusion that the plaintiff had accepted a certain payment from the defendant in settlement of all claims or that there had been an accord and satisfaction.   [464–465]

An order by a judge of the Superior Court, that the costs of printing the record in an action reported by him on his own initiative be paid equally by the parties "and that after decision of the Supreme Judicial Court the prevailing party is to be reimbursed his expenses by the other party," was not a basis for this court's ordering judgment for the defendant on the ground that G. L. c. 231, § 135, places the initial burden of the costs of printing on the plaintiff upon such a report, and did not prejudice the defendant since the costs were paid and were taxable to him as the losing party.   [465]

An order for preparation of the necessary papers for this court was adequate under G. L. c. 231, § 135, although the order was addressed to the assistant clerk who had signed the statutory notice that the case was ripe for preparation of the record.   [465]

CONTRACT.   Writ in the Superior Court dated March 1, 1956.

The action was reported by *Forte, J.*

*Joseph Ferreira* for the defendant.

*Joseph Lipsitt* for the plaintiff.

WHITTEMORE, J.   The writ in this action of contract for the balance due for construction of a house is dated March 1, 1956.   An auditor's report (findings not final) was filed December 27, 1956.   In January, 1958, a judge of the Superior Court allowed the defendant's motions to amend his answer and to file a declaration in set-off and ordered the case recommitted to the auditor.   The auditor's supplemental report was filed on April 28, 1958.   Following motions of the parties for judgment, filed in October, 1959, the case came on for hearing on the auditor's reports and such evidence as either party cared to present.   It does not appear that there was any evidence other than the reports.

The judge in the Superior Court decided (February 24, 1961) "to report the entire matter . . . incorporating by reference all the pleadings, auditor's report, and supplemental report, intermediary pleadings, motions [and] all the requests for rulings . . . .   There is to be a finding [for

the plaintiff] based upon the auditor's . . . [reports] unless such a finding is precluded by (a) the plaintiff's failure to file an answer to the defendant's declaration in set-off; . . . (b) the plaintiff's failure to deny certain of the . . . requests of the defendant's notice to admit facts; . . . (c) the defendant's requests for rulings.'' The form of report was settled and the report docketed July 5, 1961. On December 5, 1961, the trial judge reported also his rulings on one new motion of the plaintiff and five new motions of the defendant.

An extraordinary number of interlocutory motions came before several judges in the course of the glacier-like movement of this case from entry toward judgment. There are eighty-four docketed papers. Most of the motions were attempts of the defendant, renewed with dogged persistence, to require immediate judgment (G. L. c. 231, § 59) because of the plaintiff's defective answer to his demand to admit facts, and, after the declaration in set-off, the plaintiff's failure to file answer thereto. The plaintiff's failure to comply with the applicable statute and rule underlies the unwarranted complication of this case.

The defendant's exceptions to prior rulings are not before us. Certain of the defendant's exceptions were waived when the motions to amend answer and file declaration in set-off were allowed; two bills of exceptions were thereafter disallowed and petitions to establish their truth were dismissed. In any case the report does not purport to and could not present for review the orders and rulings of other judges. *Berenson* v. *London & Lancashire Fire Ins. Co.* 201 Mass. 172, 173. *John Gilbert Jr. Co.* v. *C. M. Fauci Co.* 309 Mass. 271, 272–273. *Daddario* v. *Gloucester,* 329 Mass. 297, 299–300. See *Brooks* v. *Shaw,* 197 Mass. 376, 378–379; *Second Natl. Bank* v. *Leary,* 284 Mass. 321, 323–324. For the power of a judge to report where a presiding judge ''has reserved a case for report . . . and fails . . . to make such report,'' see G. L. c. 231, § 112.

The reports of the auditor show the following findings, express or necessarily implied: The plaintiff, a building contractor, in 1955 built a house for the defendant charging

him the amount of subcontractors' bills, material at cost, and the fair value of his own work. Prior to the beginning of work, the parties had talked and had thought they had made an oral agreement but they had had different views about what it was, their minds had never met, and there was no binding agreement for a set price. (The defendant had testified to a fixed price of $12,500 and that he could, nevertheless, require the installation of whatever he wanted even if made of gold.) The plaintiff rendered periodic detailed bills and his conduct throughout was consistent with his contention that the defendant was to pay the cost of the house as the defendant might ask to have it built. The defendant paid over $10,000 on the periodic bills; when the final bill of over $6,000 was presented the defendant, for the first time after construction began, said on October 17, 1955, he would pay only $12,500, ''the agreed price.'' The plaintiff asked that he be paid at that time the amounts due him excluding the subcontractors' bills. The defendant then paid $3,256.04, making the total payment $13,510. The defendant testified that this was an overpayment of $1,010 by mistake.

The auditor also found that thereafter several subcontractors sued the defendant for the amounts due them, but, if anything was unpaid to them, it was due from the plaintiff; the alleged defects in the house are immaterial as the plaintiff could recover only the fair value of labor and materials but, if the law is otherwise, the cost of repairs and restoration is $100; subject to this there is due the plaintiff $3,433.22, being the unpaid net balance of the plaintiff's total charge.

The demand to admit facts was offered before the auditor and disregarded, the auditor ruling that he had no right to pass on its legal effect.

1. *The demand to admit facts.* The applicable statute (G. L. c. 231, § 69, as amended through St. 1946, c. 450) provides, relevantly, that by filing a written demand and serving ''notice . . . by copy thereof'' by registered mail, return receipt requested, upon the other party or his attorney, and filing an affidavit of notice, a party may require the

admission for purposes of the case of ''any material fact or
facts.'' ''The court . . . may strike out of such demand
or any answer . . . any matter which is irrelevant, im-
material or improperly included therein. After the filing
of said affidavit of notice, each of the matters . . . shall be
deemed admitted unless within ten days after mailing the
demand, or within such further time as the court may allow
on motion and notice, the party to whom the demand is
directed files . . . a sworn statement either denying spe-
cifically . . . or setting forth in detail the reasons why he
cannot truthfully either admit or deny . . . . Any admis-
sion made by a party by answering or not answering . . .
shall be binding upon him in the pending proceeding unless
he is relieved therefrom by the court for cause shown. . . .''

The defendant's demand was filed April 11, 1956, and the
necessary affidavit of notice was filed in due course. On
April 12, the plaintiff filed (1) a motion to strike most of the
items of the demand as too general, immaterial, irrelevant,
frivolous, and improperly included, and (2) an answer
signed by the plaintiff, but not in compliance with the stat-
ute because not sworn to, in respect of eleven of the items.
The items answered, and the answers thereto, are, in sub-
stance, as follows. 1. ''[Y]ou entered into a verbal con-
tract with the defendant.'' A. ''Admitted.'' 2. ''[S]aid
house was erected.'' A. ''Admitted.'' 3. ''[S]aid ver-
bal agreement was for a fixed sum of money.'' A. ''De-
nied.'' 10. ''[A]ll the work Koska Bros. Inc. did at said
house was done at your request or with your approval.''
A. ''Denied.'' 13. ''[Y]ou agreed to build . . . a fur-
nished or complete dwelling house.'' A. ''I deny that
I was to finish any house.'' 16. ''[M]asonry work done
. . . was included in said agreement.'' A. ''Admitted,
only to limited extent.'' 17 and 18. Plumbing and the
heating system ''done at said house . . . [were] included
in the agreement.'' A. ''Admitted, only to extent there
would be plumbing [and heating].'' 21. ''[Y]ou told
Attorney Joseph Ferreira . . . that the defendant had
paid you in full and owed you nothing.'' A. ''Denied.''
22. ''[Y]ou and the defendant at no time had an account-

ing together." A. "Denied." 31. "[A]s of this date the defendant owes you nothing." A. "Denied."

As will later herein appear the unanswered items which were made subject to the motion to strike may be disregarded.

Following the auditor's supplemental report the defendant filed a motion for judgment. At the hearing on that motion a judge, other than the reporting judge, suggested that the plaintiff file an affidavit to support his answers to the demand. A statement under the pains and penalties of perjury was signed by the plaintiff's attorney and filed June 4, 1958. This avers that the answers of April 12, 1956, are the truth so far as the attorney has knowledge and as to the others "he believes them to be true." The reporting judge states in the report that he allowed a motion to attach that affidavit to the answers and ruled that the plaintiff had complied with the statute. The report also states that the plaintiff asked leave to file a substitute affidavit and that the request was denied as a matter of law and not discretion and that the judge reported the correctness of the ruling.

The entries on the docketed papers are somewhat at variance with the foregoing. The file and the docket show no motion in respect of the attorney's affidavit and no action thereon. There is a motion in longhand signed by the plaintiff's attorney which reads: "Now comes the defendant [*sic*] . . . and moves that he may be permitted to acknowledge the truth of his . . . answers to defendant's notice to admit facts . . . by taking an oath thereto." Below the motion is written: "Taunton, Mass. 12/18/59. Then personally appeared the above-named Adolphe Plante and made oath that the answers and statements made in 'plaintiff's answers to defendant's notice to admit facts' same being #5 entry on the docket of this case. [*sic*] Joseph Lipsitt, Notary Public. EX 6/30/69." This is indorsed "Bristol, ss Superior Court. In so far as the Court has power so to do, motion allowed, Dec. 18, 1959. Marcellus D. Lemaire Asst. Clerk." This motion, understandably in view of the misdescription therein, is docketed as a motion made by the defendant.

It seems likely that there was an oral motion, allowed, for the acceptance of the attorney's affidavit, that the second motion referred to in the report is the motion of December 18, 1959, and that subsequent to the judge's indication of favorable action thereon as a matter of discretion, he ruled, as stated in the report, that it must be denied as a matter of law.

Thus, when the action was finally tried in the Superior Court, the judge had before him an auditor's reports, which stated the facts apart from the effect of the demand to admit, and a motion or motions by the plaintiff, in effect to be relieved from the admissions resulting from his defective answer. What the judge did makes plain his intent to relieve the plaintiff therefrom. The statute expressly authorizes this to be done. It was not inappropriate, nor in violation of the statute, to act after the auditor's reports. The reports enabled the court to know what were the facts, apart from the statutory admissions, and thus to judge of the propriety of relief. Nevertheless, it appears highly desirable that all legal questions as to the validity of the admissions should be resolved prior to an auditor's hearings so that facts established thereby can be included (as they should be) among those found by the auditor.

The auditor's reports showed that the plaintiff's unsworn denial of a contract for a fixed sum and his admission of an agreement to build the house and his other admissions and denials were in accord with the declaration and with the plaintiff's testimony that he was to build such house as the defendant might specify, and in accord, in substance, with what the auditor found to be the facts. It is inferable that the omission of the oath resulted from failure of the plaintiff's attorney to note the statutory requirement. Relief to the plaintiff was justified. It was not barred in 1959 by the circumstance that due diligence of the attorney would have required that it be sought three years earlier and at or before the time of the first attempt of the defendant to obtain judgment based on the defective answer. Relief was not barred by the circumstance that the defendant seasonably and from time to time sought an order for judgment. As

noted, the rulings denying that relief are not before us.

The affidavit of counsel was not a compliance with the statute. See *Butter* v. *Sovrensky,* 275 Mass. 88; *Crowninshield Shipbuilding Co.* v. *Jackman,* 283 Mass. 21 (decision under c. 231, § 69, as amended by St. 1926, c. 381, § 1). Compare c. 231, § 69, as amended by St. 1932, c. 177, § 1, which permitted signing by the party or his attorney. It was appropriate that the plaintiff be "relieved . . . [from his defective answers] for cause shown" by allowing a proper affidavit to be attached. *Courakis* v. *Baumann,* 330 Mass. 270, 272. See *Crowninshield* case, *supra,* at p. 22. The longhand paper of December 18, 1959, shows that it was hastily and carelessly drawn. We think the incomplete jurat of the notary public was intended to include the words "are true" at the end thereof and so read it. It is unnecessary to require the correction of the jurat inasmuch as the judge had unqualified authority to order the plaintiff relieved unconditionally and his intention adequately appears that the plaintiff be relieved of the effect of the absence of an oath.

Good practice would have required that the plaintiff obtain prompt disposition of the motion to strike items from the defendant's demand. Failure to dispose thereof within the statutory ten day period for answer, or an extension thereof, risked a later ruling that the items were proper and a discretionary refusal to allow relief from failure to deny them. That is inconsequential, however, for those items do not support the defendant's contention that he is entitled to judgment on admitted facts nor do they affect the facts found by the auditor. This is plain as to all but one item.[1] Number 30 (unanswered) reads: "That the de-

---

[1] It is immaterial (No. 4 of the demand to admit facts) that the plaintiff talked with the defendant's attorney on or about December 3, 1955. And see, in text above, the answer to No. 21. The plaintiff contended that there was a "verbal agreement" (No. 5) but not at a fixed price. That the plaintiff "knew what the defendant wanted" (No. 6) was consistent with his and the auditor's view of the arrangement. That all the work done by three named subcontractors "was done at . . . [the plaintiff's] request or with . . .[his] approval" (Nos. 7, 8, and 9) would not help the defendant. That all the work was "done and materials furnished . . . in accordance with . . . [the plaintiff's] blueprint and under . . . [his] orders" (No. 12) was not inconsistent with the auditor's findings that there was a blueprint or floor plan made by the plaintiff's son showing measurements and (in substance) that the de-

fendant fulfilled all of his obligations under the said verbal agreement with you." This is followed by No. 31 that "the defendant owes . . . [the plaintiff] nothing." Number 31 was denied as was No. 21 (the plaintiff had said that the defendant had paid him in full and owed nothing). The answers therefore stood at best for the defendant as though the plaintiff had admitted that the defendant had fulfilled all "obligations" but not that of payment. Assuming that No. 30 should not be disregarded as a conclusion of law, the qualified admission could not be the basis for judgment in an action for a balance claimed due and was of indeterminate significance until it became insignificant in view of the express findings which established that no obligations other than that of payment were in issue.

2. There is nothing in the contention that the plaintiff had confessed the declaration in set-off by failing to answer thereto. The declaration in set-off was filed January 3, 1958. It sought recovery of the alleged $1,010 overpayment. A motion to default for failure to answer was not filed until five months later, after the auditor had reheard the case. That motion was not brought on for action until December 18, 1959, when it was denied. In the circumstances the allegations of the declaration in set-off were to be taken as denied. *Bartholomew* v. *Waldorf Sys. Inc.* 291 Mass. 357, 358–359. *Ciborowski* v. *Kosciak*, 310 Mass. 704, 710. See *Blume* v. *Oil-O-Chron, Inc.* 287 Mass. 52, 55–56.

3. No error is shown in respect of the reported rulings and the denial of requests to rule. Enough has been said above in respect of the rulings which relate to the demand to admit and the failure to file answer. The requests based on the contention of a contract for a fixed sum or otherwise

fendant told the plaintiff what to do and the plaintiff did it or had it done. A number of the items related to four actions by subcontractors against the defendant allegedly instigated by the plaintiff. (Nos. 14, 19, 23, 24, 25, 26, 27, 28.) The auditor's findings negatived whatever slight relevance these items would have had. If there were an accord and satisfaction on October 17, 1955, it could only have been because the defendant undertook to pay the subcontractors. The auditor expressly found that suits had been brought; his finding that the plaintiff, if anyone, owed the subcontractors is dispositive. No. 20 ("until the defendant paid you in full . . . [no subcontractor] approached the defendant claiming . . . [to be unpaid]") could not be answered in view of denials and was immaterial. It was a matter of law (No. 29) whether the four counts of the declaration were for the same cause of action.

on facts contrary to the facts found were, of course, rightly denied. The judge rightly ruled that what happened on October 17, 1955, could have been found to be final payment and warranted a finding for the defendant, but did not require such a finding. It could not have been ruled that the auditor's conclusions were not warranted on the subsidiary facts or under the pleadings. The findings did not require the ruling of an accord and satisfaction.

4. The supplemental report presents the propriety of ordering that the costs of printing the record be paid equally by the parties "and that after decision of the Supreme Judicial Court the prevailing party is to be reimbursed his expenses by the other party." The statute, G. L. c. 231, § 135, places the initial burden of this payment on the plaintiff, where the judge reports the case on his own initiative. But the costs were, in fact, paid, so that the report came here in due course. The order for initial division of costs is not a basis for judgment for the defendant. There is no prejudice to the defendant as he is not the prevailing party and the printing costs under § 135 are taxable to him.

There is also presented the issue whether an order for preparation of papers addressed to the assistant clerk, in response to the statutory notice under § 135 which was signed by him, is adequate. We rule that it is.

Four of the defendant's post report motions sought to have the plaintiff's name substituted in four actions against the defendant brought by subcontractors. The impropriety of taking the court's time with such an attempt to affect other actions by an order in this proceeding is patent.

The fifth motion asks for judgment herein for failure of the plaintiff to comply with the statute in respect of ordering preparation of papers and because the plaintiff has no standing in court. There is a reference to an affidavit of counsel. No error appears in the denial of this motion.

5. Judgment is to enter for the plaintiff on the auditor's reports and for the plaintiff as defendant in set-off on the declaration in set-off.

*So ordered.*