SAMUEL GORDON *vs.* AMERICAN TANKERS CORPORATION.

Suffolk.     November 6, 1933. — May 24, 1934.

Present: RUGG, C.J., CROSBY, FIELD, DONAHUE, & LUMMUS, JJ.

*Sale,* Construction of contract of sale, Delivery, Transfer of title, Rescission. *Contract,* Construction, Performance and breach. *Practice, Civil,* Notice to admit facts, Interrogatories, Findings by judge. *Evidence,* Presumptions and burden of proof, Admissions. *Mistake.*

Upon exceptions following the hearing of an action at law by a judge without a jury, all the material evidence being reported in the bill of exceptions, the only question before this court with respect to the general and special findings of fact by the judge is whether they were warranted by the evidence and all the rational inferences of which it was susceptible.

At the hearing of an action without a jury, the plaintiff without objection read a notice to the defendant, under G. L. (Ter. Ed.) c. 231, § 69, to admit that a certain chattel was at a certain place at a certain time, and read the defendant's answer admitting that fact. Subsequently, in cross-examination by the plaintiff of a disinterested witness called by the defendant, the witness, without objection or exception, testified that the chattel was not at such place at such time, but then was at another place. The trial judge, stating that he believed such testimony notwithstanding the notice to admit and the answer thereto, found in accordance with the testimony of the witness, and such finding was the basis for a finding for the plaintiff. Upon exceptions by the defendant, it was *held,* that

(1) The notice and answer, under the terms of the statute, were only evidence of the fact in question, and were not binding on the trial judge as conclusive;

(2) It could not be said that the contrary finding by the judge, made upon evidence warranting it, was erroneous.

A party, who has propounded interrogatories to the other party and who introduces the answers thereto, is not bound by the answers where he also introduces evidence to contradict them.

Where a contract of sale specified a single price for several chattels "as is and where is on . . . [the seller's] wharf," and two of the chattels at the time when the contract was made were not on the seller's wharf but were elsewhere in the possession of a third person who did not know of the contract and never acknowledged to the buyer that he held them in the buyer's behalf, it was *held,* that

(1) The contract was entire and not separable;

(2) The contract required delivery by the seller to the buyer on the wharf;

(3) Title to the chattels did not pass at the time when the contract was made and could not pass until such time as all the chattels were on the wharf.

The buyer above mentioned paid the specified purchase price at the time when the contract of sale was made, and later brought an action to recover it. It appeared that the two chattels which were not on the wharf at the time of the making of the contract were not brought there later. It was found that neither party knew that such chattels were not on the wharf until testimony to that effect by the third person was introduced at the trial; that their location was of the essence of the contract; and that the contract had been made under a mutual mistake of fact. There was a finding for the plaintiff. *Held,* that

(1) The finding as to mutual mistake could not be said to have been unwarranted;

(2) The plaintiff was entitled to rescind the contract and recover the purchase price.

CONTRACT OR TORT. Writ dated November 12, 1930, and afterwards amended.

In the Superior Court, the action was heard by *Weed,* J., without a jury. Material evidence and findings by the judge are stated in the opinion. The testimony by the superintendent of the Atlantic Works, described in the opinion, was admitted without objection or exception. The judge found for the plaintiff in the sum of· $3,050 and interest. The defendant alleged exceptions.

*F. T. Leahy,* (*C. Hamilton* with him,) for the defendant.

*Lee M. Friedman,* (*F. L. Kozol & F. B. Gordon* with him,) for the plaintiff.

RUGG, C.J. ˙ This is an action of contract brought to recover $3,050 paid as the purchase price of six bronze propeller blades and a condenser. The contract was made by Gordon and Gerber, copartners, as vendees with the defendant as vendor. Gerber died after this action was brought and the case is being prosecuted by Gordon who will be called the plaintiff. The case was tried by a judge without a jury who made a finding setting out the facts and his decision. The pertinent facts are these: A considerable amount of heavy machinery, boilers and other equipment, including a condenser which weighed a number of tons and the propeller from the steamship "John Jay," were stored on a wharf of the defendant. The propeller had four bronze blades each weighing about two and a

half tons bolted to the hub of the propeller.  There were also two spare blades for this propeller.  Gerber visited the wharf, examined the machinery and equipment stored there and negotiated with one Ludwig, a representative of the defendant, for the purchase.  On May 14, 1930, the plaintiff paid the price of $3,050 and the defendant wrote a letter to the plaintiff of this tenor: "This is to confirm verbal conversation of the sale to you for the lump sum of three thousand fifty dollars ($3,050.)   6 Bronze Propeller Blades   1 Condenser, ex S.S. 'JOHN JAY.'   as is and where is on our wharf at 336 Border Street, East Boston.  It is understood that you will remove the four propeller blades from the present hub, leave the hub and nuts intact, same to remain our property."  The receipt of the purchase price was noted at the bottom of the letter.  Five or six weeks after May 14, 1930, and before the condenser and propeller blades had been removed, the wharf collapsed and these articles were thrown into the water.  Up to this time no controversy had arisen between the parties.  Thereafter the plaintiff contended that obstacles to the removal of these articles from the wharf had been interposed by the defendant and that the condition of the wharf rendered their removal impossible.  Upon these points the finding of the trial judge was against the plaintiff.  The plaintiff during the trial read without objection answers made by the defendant upon the plaintiff's notice to admit facts.  Among other matters these facts were thus admitted: "2. That during the course of the aforesaid negotiations, the said six bronze propeller blades and one condenser were situated and located on a wharf in East Boston. . . . 3. That on or prior to May 14, 1930, the aforesaid six bronze propeller blades and one condenser were situated on the aforesaid wharf in East Boston, together with other metal objects located and situated on the same wharf. . . . 4. That on or prior to May 14, 1930, the aforesaid wharf in East Boston was above the level of the water, and the six bronze propeller blades and one condenser located on that wharf were not in the water."  Answers to interrogatories propounded by the plaintiff were read by him at the trial of

like effect as to the location of the propeller blades and condenser. An employee of the plaintiff testified that with Gerber in May, 1930, he visited the wharf, inspected the property and saw six or more propeller blades there.

Just before the close of the evidence the defendant called as a witness the superintendent of the Atlantic Works of the Bethlehem Shipbuilding Corporation, Ltd. He testified that as such superintendent he had had charge of the repairs and alterations of the steamship "John Jay" and for the defendant delivered at its wharf by lighter the condenser, propeller and other equipment taken from the "John Jay" and later for the defendant fished out of the water and placed on the remaining part of the wharf that which had fallen into the water when the wharf collapsed, and on cross-examination that the two spare propeller blades belonging to the "John Jay" were never brought to the wharf of the defendant and were at the Atlantic Works when he left its employ in July, 1932. Notwithstanding the admissions of the defendant already recited and the testimony of the employee called by the plaintiff the judge believed the testimony of the superintendent of the Atlantic Works and found as a fact that the spare blades were not on the defendant's wharf on May 14, 1930, nor at any time thereafter, but were at the Atlantic Works and there was nothing to prevent the plaintiff from taking possession of them. The trial judge made a further finding in these words: "No evidence was offered that the Atlantic Works had notice of the sale until after the collapse of the wharf, or had at any time acknowledged to the plaintiffs that it held the two spare propeller blades on their behalf. I deem it to be a reasonable inference from the evidence, and I so find, that the deceased Gerber did not know that the two spare propeller blades were not on the wharf on May 14, 1930. I find further that neither Ludwig nor the plaintiff Gordon nor any agent or employee of either party knew that the spare propeller blades were not on the wharf on May 14, 1930, until it appeared in evidence in the last few minutes of the trial." The trial judge upon all the evidence and inferences reasonably to be drawn therefrom found and

ruled that the contract of May 14, 1930, was made under a mutual mistake of fact as to the location of the two spare propeller blades, that this fact was material and was of the essence of the contract. The finding was for the plaintiff. The exceptions of the defendant bring the case here.

It has been earnestly and plausibly argued that some of these findings of fact are not warranted by the evidence. In this connection special emphasis is placed on the findings (1) that the two propellor blades not attached to the hub were the spare propeller blades from the "John Jay" and (2) that those two blades never were on the wharf of the defendant but remained at the Atlantic Works. This is an action at law. All the material evidence is reported. In these circumstances the governing rule is that the general and special findings of the trial judge must stand, if warranted in law upon any view of the evidence. It is not the function of this court to pass upon the credibility of witnesses or the weight of the evidence, much less to make our own decision of facts. The only question to be determined is whether upon the evidence with all rational inferences of which it is susceptible the findings can be sustained. *Moss v. Old Colony Trust Co.* 246 Mass. 139, 143, and cases cited. It is not necessary to summarize the testimony. In our opinion it cannot be rightly held that the findings of fact are without support in evidence.

The defendant contends that the evidence offered by the plaintiff in the form of a notice to the defendant to admit facts with respect to the six propeller blades being upon the wharf on May 14, 1930, is binding upon the plaintiff and that no finding to the contrary was permissible. The soundness of this contention depends upon the meaning of G. L. c. 231, § 69. That section, as amended, so far as here material is in these words: "In any action at law . . . a party by written demand filed in the clerk's office and notice given by copy thereof to the other party or his attorney, not less than ten days before the trial of the action . . . may call upon the other party to admit, for the purposes of the case only, any material fact or facts . . . . If no answer is filed in the clerk's office within

ten days after the filing therein of said demand or within such further time as the court may on motion allow, the truth of the fact or facts . . . shall, for the purposes of the case, be held to be admitted. Such demand, in so far as it relates to a material fact . . . and any answer filed in response thereto shall, if offered by the party who filed such demand, be admitted in evidence. If the party upon whom such demand is made refuses to admit any fact . . . mentioned in the demand, the reasonable expense of proving such fact . . . as determined after summary hearing by the justice presiding at the trial, shall, unless the justice certifies that the refusal to admit was reasonable, be paid by said party to the other party and the amount thereof shall be added to the taxable costs of the party in whose favor such amount is awarded or deducted from the amount of any judgment or decree against him."

The statute was designed to enable the parties to reduce the case before trial to the matters really in controversy between them and thus to save expense to themselves and to the public by shortening the time required for hearing and to avoid confusion arising from the multiplicity of issues. First Report of Judicial Council, page 43. The statute while important and liberalizing in some respects is limited in scope in other aspects. The demand and answers are not in the case at all until offered by the party who filed the demand. There is no provision that the party making the answers may offer them. There is no mandate that the demand and answers shall be taken as facts for the purpose of the trial. When the demand and answers are offered by the party who filed the demand they are simply to be "admitted in evidence." The statute makes no declaration as to their quality as evidence. It does not provide that they shall become binding upon both parties. There is no declaration that the party making the demand or the party making the answers shall be bound by them. In this respect the statute is significantly different from that relating to pleadings where each party as well as the court is bound by his allegations.

G. L. (Ter. Ed.) c. 231, § 87. *Snowling* v. *Plummer Granite Co.* 108 Mass. 100, 101. *Bancroft* v. *Cook*, 264 Mass. 343, 348. *Calnan* v. *Guaranty Security Corp.* 271 Mass. 533, 541. Either party may encounter great practical difficulty in offering evidence to contradict what is thus exhibited in the demand and answers. Whether either party may offer such evidence and to what extent he may ask to have such evidence considered in contradiction of the demand or answers made by him in view of the principle declared in *Sullivan* v. *Boston Elevated Railway*, 224 Mass. 405, that a witness is bound by his categorical and positive final evidence, are not presented for decision in this case. In any event parties must be held to the utmost good faith. The case here presented is where an apparently disinterested witness, having direct knowledge of the fact, on cross-examination gives testimony which the judge accepts and believes as of higher evidentiary value than the demand and answers. Since the latter are made evidence only by the statute, we are of opinion that the trial judge was not bound to accept them as true. He was not precluded from doing justice as he saw it in view of all the evidence. *Whiteacre* v. *Boston Elevated Railway*, 241 Mass. 163. We are unable to see anything inconsistent with this conclusion in *The Seacombe*, [1912] P. 21, 59, or *Urquhart* v. *Butterfield*, 37 Ch. D. 357, 369, 374. The points decided in those cases are dissimilar to the one here presented. Cases submitted on agreed facts or on uncontradicted and undisputed evidence stand on a different footing. *Todd* v. *Old Colony & Fall River Railroad*, 7 Allen, 207. *Commonwealth* v. *Levine*, 280 Mass. 83, 95.

The plaintiff was not bound by the answers by the defendant to the interrogatories put by him although he offered them in evidence, because there was evidence to contradict them. *Gordon* v. *Bedard*, 265 Mass. 408, 411.

The ruling that the title to the goods described in the contract did not pass to the plaintiff cannot be pronounced erroneous. The contract being for a sale of specified articles for a single sum was entire and not separable. *Fullam* v. *Wright & Colton Wire Cloth Co.* 196 Mass. 474, 476.

*Roach* v. *Lane*, 226 Mass. 598, 603.  *Shohfi* v. *Rice*, 241 Mass. 211, 213.  The contract plainly required delivery to the plaintiff by the defendant on its wharf.  The goods were described as being on the wharf of the defendant. Title did not pass until they were on the wharf.  G. L. (Ter. Ed.) c. 106, § 21, Rule 5.  Two propeller blades not only were not on the defendant's wharf but were in the possession of a third person at the Atlantic Works.  That person never acknowledged to the buyer that it held the goods on the buyer's behalf and had no notice of the sale, so far as shown by the findings.  G. L. (Ter. Ed.) c. 106, § 32 (3).  The statement in the contract that the goods were on the defendant's wharf might have been found to be a warranty that they were there.  G. L. (Ter. Ed.) c. 106, § 14.  In such circumstances a buyer had the right to rescind the contract.  G. L. (Ter. Ed.) c. 106, § 58 (1) (d).  The ultimate finding that there was a mutual mistake of fact between the parties as to the location of the two propeller blades cannot be said to be unsupported.  *Dzuris* v. *Pierce*, 216 Mass. 132, 135.  *Martin* v. *Jablonski*, 253 Mass. 451, 453.  *Perkins's Case*, 278 Mass. 294, 301.

It follows from these considerations and principles that the mistake might have been found to be mutual and to relate to a substantial matter.

*Exceptions overruled.*