JOHN A. COURAKIS & another *vs.* HENRY BAUMANN & others.

Suffolk. April 9, 1953. — June 1, 1953.

Present: QUA, C.J., LUMMUS, WILKINS, WILLIAMS, & COUNIHAN, JJ.

*Fraud. Practice, Civil,* Notice to admit facts, Amendment. *Jurat.*

The giving of a lease for ten years of restaurant premises in conjunction with a sale of the restaurant business, where the premises were taken by eminent domain and the restaurant closed within about a year after such transaction, would not constitute a false representation by the lessor that the lessee could occupy the premises for ten years if the lessor at the time of the transaction did not know that the taking was to be made.

The omission of the signature of the notary public from the jurat on a sworn answer to a notice to admit facts filed under G. L. (Ter. Ed.) c. 231, § 69, as appearing in St. 1946, c. 450, was a mere informality which could properly be cured by allowing an amendment of the answer by supplying the signature.

BILL IN EQUITY, filed in the Superior Court on March 14, 1952.

The suit was heard by *Beaudreau,* J.

*Allan A. Fishman,* for the plaintiffs.

*Thomas M. Burke & Harry Sesnovich,* for the defendants Baumann, submitted a brief.

LUMMUS, J. The bill, filed on March 14, 1952, alleges that the defendants Henry and Elsa Baumann falsely and fraudulently represented to the plaintiffs, to induce them to buy a restaurant business from those defendants for $10,500, and to take a lease of the restaurant premises from those defendants for ten years at a monthly rental of $125, that the daily gross income from the restaurant was $180, and that those defendants did not tell the plaintiffs that the premises were to be taken for a highway. The bill further alleges that the plaintiffs in reliance on those representations made expensive repairs and improvements and bought fixtures from the third defendant John Dagres at a cost of $6,400. It alleges that after operating the restaurant for about a year it was closed because of the taking of the land and building by the Commonwealth. It alleges that the defendants Baumann assigned a chattel mortgage given by the plaintiffs to them to the defendant Dagres who intends to foreclose it. The prayers are for the discharge of the chattel mortgage, for rescission of the purchase, and for damages.

The evidence is reported. The judge found that there were no misrepresentations and dismissed the bill, with costs. The plaintiffs appealed.

The appellants contend that the giving by the defendants to the plaintiffs of a lease for ten years constitutes a false representation that the plaintiffs could occupy for ten years. While there was evidence that State employees were work-

ing in the street, making measurements, before the sale to the plaintiffs, we find no evidence, much less evidence that the judge was required to believe, that the defendants Baumann knew at the time that the premises were about to be taken by eminent domain for a highway.

The plaintiffs on May 1, 1952, filed a notice under G. L. (Ter. Ed.) c. 231, § 69, as it appears in St. 1946, c. 450, requiring the defendant Henry Baumann to admit certain specified facts. That defendant, as to many of those facts, refused to answer. The answers of that defendant, though in fact sworn to as the judge impliedly found, were not accompanied by a jurat signed by the notary public who took that defendant's oath to them. On June 6, 1952, the signature was added to the jurat by leave of court. The statute cited does not provide expressly for amendment of the answer to the notice. But the court had authority under the statute cited to relieve a party from any admission in the answer. This the judge in effect did. General Laws (Ter. Ed.) c. 231, § 51, moreover, authorizes the allowance of amendments in any "process, pleading or proceeding." And by Rule 47 of the Superior Court (1932), "The court reserves the right, at its discretion, notwithstanding anything contained in these rules, to hear motions and other interlocutory matters, in open court or in chambers, at such time and upon such notice, if notice is required, and such proof of notice, as it may see fit." The omission of the signature to the jurat was merely an informality. If permission to supply it was given without notice, which does not appear, no notice was required by law. See *Hellier* v. *Loring*, 242 Mass. 251, 253; *Savage* v. *Welch*, 246 Mass. 170, 183, 184.

The plaintiffs offered their notice to admit facts, and contended that by failing to file a sworn answer the defendant Henry Baumann admitted the facts stated. But we have already said that the defect was cured by amendment. There is nothing in the answers actually filed that admitted any of those facts.

The plaintiffs assume that the defendants Baumann

actually represented the gross earnings of the restaurant to be $180 a day. Such a representation was not admitted, for Henry Baumann testified that no such representation was made. It was not error for the judge to decide the issue of fact in favor of the defendants.

*Decree affirmed with costs of the appeal.*