*Southern District*

## JOHN M. CABRAL

### v.

## JOHN M. PAIVA

*Cox, J.* By this action of tort the plaintiff seeks to recover for damage to three motor vehicles owned by him which damage is alleged to have been caused by the defendant's negligence. The accident occurred on February 5, 1955 on the westerly side of Belleville Avenue south of and near the intersection of Earle Street in the city of New Bedford.

The plaintiff was the owner of two trucks and a passenger car, all of which were parked in front of his place of business on the west side of Belleville Avenue and south of Earle Street which intersects Belleville Avenue on its west side but does not cross it.

Just before the accident, the defendant was operating an automobile northerly on Belleville Avenue. His car collided with an automobile being operated by one Alves southerly on Belleville Avenue. The point of collision between the Alves car and that of the defendant was about one foot north of Earle Street. Those are facts which are not in dispute. A

witness described the defendant's car as "at a point somewhat on the west side of Belleville Avenue . . . just about in the dead center of Belleville Avenue." A police officer testified that there were "fender mud and scuff marks" which began one foot north of Earle Street and nine feet west of the east curb of Belleville Avenue, which is described as between thirty-four to thirty-six feet wide. The left doors and rear fender of the defendant's car were damaged. Alves was quoted as saying that he tried to avoid hitting a pedestrian, and that a car going north on Belleville Avenue was "hogging the road."

After the collision with the defendant's car, Alves' car travelled, according to the trial judge's findings, to the southwest corner of Belleville Avenue and Earle Street, twenty-one and one-half feet to the corner of a building, then thirty-four feet along the sidewalk until it hit the right side of the first of the plaintiff's trucks, then struck the second truck pushing it into the rear of the plaintiff's automobile, causing damage to the plaintiff's three vehicles in the amount of $569.11.

A companion case by the same plaintiff against Alves was tried with the case now before us and there was a finding that Alves was negligent.

The trial judge made findings of fact. He found that there was no evidence of the speed of the defendant's car nor was there any evidence of tire marks from his car. He found that the Alves car was to its left of the center of the road at the point of impact with the defendant's car and described the movement of Alves' car from that point until it completed its damaging course as already narrated. He concluded that there was no proof of negligence on the part of the defendant.

The case is reported because the plaintiff claims to be aggrieved by the judge's refusal to grant his requests for rulings number 1, including subdivisions (a), (b), (c), and (d), and number 3, the judge's refusal to apply the doctrine of *res ipsa loquitor*; his

refusal to find that the collision was the proximate cause of the plaintiff's damages; and his refusal to rule that the defendant had admitted certain facts, a notice to admit which was duly filed by the plaintiff under the provisions of G. L. c. 231, s. 69, as amended.

There was no error in the denial of the plaintiff's request for ruling number 1, including subdivisions (a), (b), (c), or (d) thereof. Number 1 and its four subdivisions are as follows:

1. Upon all the law and evidence the plaintiff is entitled to recover for the following reasons:

   (a)  There was a continuous and connected succession of events beginning with, and caused by, the negligent act of the defendant, unbroken by any new or independent cause, and ending with the plaintiff's damage, which would not have occurred without the initial wrongful act of the defendant.

   (b)  The defendant while driving north on Belleville Avenue was negligent in driving closer to the West curb than to the East curb at the point of impact.

   (c)  The defendant drove behind an automobile along Belleville Avenue and as said automobile turned West on Earle Street it left the defendant driving North on Belleville Avenue in the path of cars lawfully driving South on said Belleville Avenue.

   (d)  Had the defendant been driving on the right of the center of Belleville Avenue, he would not have collided with cars travelling South on said Avenue.

The requests, including the subdivisions, are predicated on the assumption that the defendant was negligent. In substance they were requests for findings of fact which are not reviewable as certainly the evidence did not require, or, in our opinion, even permit, a finding of negligence on the defendant's part. *E. A. Strout Realty Agency, Inc. v. Gargan,* 328 Mass. 524, 525, 527. *Sikora v. Hogan,* 315 Mass. 66, 70. *Perry v. Hanover,* 314 Mass. 167, 169-170.

No ruling was requested by the plaintiff relating to the application of the rule of *res ipso Loquitor.*

The point need not, therefore, be considered except to observe that the rule "merely permits the tribunal of fact, if it sees fit, in the absence of a finding of the specific cause of the occurrence . . . to infer from the occurrence itself that it would not have happened unless in some respect the defendant had been negligent . . . the tribunal of fact must be able to find, either by expert evidence . . . or by its own common knowledge . . . that the mere occurrence of the accident shows negligence as a cause." *Roscigno v. Colonial Beacon Oil Company,* 294 Mass. 234, 235. *Felch v. D'Amico,* 326 Mass. 196, 198. In the case at bar, there was a finding of the specific cause of the accident.

The plaintiff's request number 3 was that:

"As a matter of law the court is warranted to find that the defendant was negligent by the defendant's admissions to plaintiff's notice to admit facts."

This request was denied.

Before trial the plaintiff, in accordance with G. L. c. 231, §69, as amended, duly filed a notice to the defendant to admit the following facts:

1. The 3 automobiles owned by the plaintiff were parked on the west side of Belleville Avenue, New Bedford, Mass.

2. The plaintiff in no way contributed to the accident.

3. Had your automobile and John Alves' automobile not collided on Belleville Avenue, there would have been no damage to plaintiff's automobiles.

4. Your car was being driven north on Belleville Avenue.

5. Your car going north collided with a car going south on Belleville Avenue.

6. The damage of the plaintiff's cars resulted from your car colliding directly with the car of John Alves.

7. After your car came in contact with the Alves car, the latter rolled into the plaintiff's cars causing the alleged damage.
8. Your car going north got in the way of the Alves car going south.
9. The collision caused Alves to lose control of the car he was driving.
10. The impact of your car and Alves' caused the latter to swerve to the right damaging the plaintiff's automobiles.
11. In spite of the fact that Alves' car swerved to the right just before the collision, your car still collided with his car.
12. The car you were following was going north on Belleville Avenue and turned left at Earle Street just before the accident.
13. The point of impact was near the north curb of Earle Street.
14. There were no cars parked on the east side of Belleville Avenue in the area of the collision.

The defendant, in an answer duly filed, answered as to each of the foregoing, "The defendant refuses to admit."

G. L. c. 231, §69, as appearing in St. 1946, c. 450, grants a broad right to either party in litigation to call upon the other to admit, for the purposes of the case only, any material facts. The statute contains requirements for notice of the filing and the forwarding of a copy, to the other party by registered mail, return receipt requested, and the filing of an affidavit of such notice with the clerk. The statute then provides that "After the filing of said affidavit of notice, each of the matters of which an admission is demanded shall be deemed admitted unless . . . the party to whom the demand is directed files in the clerk's office a sworn statement either denying specifically the matters of which an admission is demanded or setting forth in detail the reasons why he cannot truthfully either admit or deny those matters . . . said admissions shall be binding upon

him in the pending proceeding unless he is relieved therefrom by the court for cause shown. If the party upon whom such demand is made refuses to admit any fact . . . the reasonable expense of proving such fact . . . as determined after summary hearing by the justice presiding at the trial, shall, unless the justice certifies that the refusal to admit was reasonable, be paid by said party to the other party and the amount thereof shall be added to the taxable costs of the party in whose favor such amount is awarded or deducted from the amount of any judgment . . . against him."

The plaintiff contends that the refusal of the defendant to answer his demand to admit facts has the effect of an admission of the facts in the call to admit and are binding on the defendant. The defendant contends that his answer refusing to admit the facts in the call constitutes a denial and places the burden of proof of the facts on the plaintiff but at the defendant's expense as determined by the court. The judge held that "the refusal to admit does not constitute an admission but rather requires the other party (plaintiff) to prove such facts, with the refusing party running the risk of being taxed additional costs."

We do not feel called upon to interpret the statute in this connection for the reason that an examination of the facts in the call to admit, even if admitted, were insufficient, together or separately, to constitute an admission of negligence by the defendant. *Courakis v. Baumann*, 330 Mass. 270, 272.

The burden of the plaintiff's call to admit facts is that because the defendant's automobile was involved in a collision with the automobile of Alves, the defendant should be held to have been negligent and that such negligence caused or contributed to the damage of the plaintiff's vehicles. The mere happening of a collision between automobiles upon a public way does not establish a *prima facie* case

of negligence against either operator. *Morton v. Dobson*, 307 Mass. 394, 398. *Fallovallita v. Johnsyn*, 317 Mass. 153. *Sutherland v. McGee*, 329 Mass. 530. There was evidence to support the findings of the judge that the accident which resulted in damage to the plaintiff's property was due to the negligence of Alves, against whom there has been a finding, and that the defendant was not negligent. "He (the judge) was not precluded from doing justice as he saw it in view of all the evidence." *Gordon v. American Tankers Corporation*, 286 Mass. 349, 355. In our opinion the judge would not have been warranted in finding the defendant negligent even if the defendant had admitted, or had been held to an admission of all the facts in the call to admit. We see no error of law in the denial of the plaintiff's request for ruling number 3.

*An order is to be entered dismissing the report.*