## *Southern District*

### FRANK C. PACE
### v.
### PETER J. PACE

*Present*: Nash, P. J., Cox and Sgarzi, JJ.

Case tried to ——————, *J.*, in the District Court of East Norfolk. No. 93645.

*Sgarzi, J.* This is an action of tort in which the plaintiff seeks recovery for personal injuries and property damage allegedly sustained in a collision of motor vehicles caused by the negligence of the defendant. The answer is a general denial and allegation of contributory negligence.

Before the trial the plaintiff filed a notice to admit facts one of which was the following "7. That at the time of the accident alleged in the plaintiff's declaration the brakes of the defendant's motor vehicle were defective." The defendant's answer was "Denied."

*At the trial the defendant testified that* at the time of the accident, the brakes on his motor vehicle were defective. The plaintiff then introduced into evidence the notice to admit facts and the answer above referred to and requested the court to rule that the defendant was bound by his answer. The only evidence on the question of defective brakes on the motor vehicle of the defendant was the testimony of the defendant and the answer to the notice to admit facts.

The court found for the defendant and made the following specific findings of fact:

"1. That on all the evidence the brakes of the defendant's motor vehicle were defective at the time of the accident.

2. It could have been found that the defendant was negligent but the court found that the defendant was not negligent as defendant did not know prior to the accident that the brakes of his motor vehicle were defective."

Following the trial the plaintiff seasonably filed a Motion for New Trial assigning as his reason "that the finding for the defendant is against the law." This motion for new trial was denied by the court "for the reason that neither the defendant nor the Court is bound by the defendant's answer to the plaintiff's Notice to Admit Facts."

The case is before this Division because the plaintiff claims to be aggrieved by the denial of his motion for new trial.

 Motions for new trial are addressed to the sound judicial discretion of the trial judge and cannot be reviewed unless the record discloses abuse of discretion or error of law. *Nicoli v. Berglund,* 293 Mass. 426; *Restuccia v. Bonner,* 287 Mass. 592.

There is nothing in this record to suggest any abuse of discretion on the part of the trial judge.

 However, the judge having stated the proposition of law upon which his denial of the motion was based, this ruling becomes a proper subject for review by this Division.

G. L. c. 231, §69 provides that in any action at law or suit in equity a party may by written demand, call upon the other party to admit for the purposes of the case only, any material fact or facts which the party filing the demand

intends to use at the trial. Each of the matters of which an admission is demanded shall be deemed admitted unless within ten days after mailing the demand the party to whom the demand is directed files in the clerk's office a sworn statement denying specifically the matters of which an admission is demanded. Said admission shall be binding upon him in the pending proceeding unless he is relieved therefrom by the court for cause shown.

The statute is designed to reduce the issues at the trial and to relieve the demanding party of the burden and expense of proving those matters which he seeks to have admitted by the adverse party. *Gordon v. Am. Tankers Corp.*, 286 Mass. 349.

Facts admitted pursuant to §69 are binding upon the defendant and cannot be controverted by him *unless he is relieved therefrom by the court* for cause shown. *Krinsky v. Pilgrim Trust Co.*, 337 Mass. 401.

In the instant case the plaintiff availed himself of the statute to seek an admission from the defendant that at the time of the accident his brakes were in defective condition. Had the defendant admitted this fact he could not have been permitted to testify at the trial that his brakes were not defective. But we are not dealing here with an admission, we are dealing with a denial. The denial of the defendant left the plaintiff in the position of proving the fact which he sought to have admitted. When at the trial the defendant testified that his brakes were defective, he in effect admitted the very fact

which the plaintiff had previously sought to have him admit.

In these circumstances it is difficult to see how the plaintiff could be aggrieved by the admission of the testimony. It may further be observed that the statute gives to the court the power to relieve a party from the effect of his answer and since the judge admitted the testimony it must be inferred that he made a valid exercise of this power. *Courakis v. Baumann,* 330 Mass. 270.

Since we find no prejudicial error the report is ordered dismissed.

*Joseph S. Cipolla,* of Quincy, for the plaintiff.

*Badger, Pratt, Doyle & Badger,* of Boston, for the defendant.