Borenstein, J.
This action arises out of two motor vehicle accidents that occurred on the Bridgehampton Motor Speedway in Bridgehampton, New York on October 5, 1996[2] and October 3, 1997. When these accidents occurred, Stevens was driving his 1984 Porsche 911 Targa Carrera, which was insured by Metropolitan Property and Casualty Insurance Company (hereinafter “Metropolitan”). The plaintiff[3] in this action claims that it need not indemnify the defendant under the Sixth Edition of the Standard Massachusetts Automobile Insurance Policy (hereinafter “SMAIP”) for the October 3rd loss, and that it need not have indemnified him for the October 5th loss. The plaintiff now moves for summary judgment on the grounds that defendant’s policy does not cover the losses because the collisions occurred during a prearranged racing event. The defendant has filed a Cross-Motion for Partial Summary Judgment in his favor as to Count VI of the Plaintiffs Complaint (Request for Declaratory Relief-Language of the Policy). For the reasons set forth below, the Court concludes that the plaintiff is entitled to summary judgment as a matter of law, allows its motion and orders that judgment enter in its favor. The Court hereby dismisses defendant’s Cross-Motion for Partial Summary Judgment.
FACTUAL BACKGROUND
On October 5, 1996, defendant Stevens was involved in an accident with his 1984 Porsche Targa Carrera. Following the incident, defendant filed a claim for damages to Metropolitan. Defendant stated *730 that he hit a deer on a private way, however, he failed to disclose that the accident occurred on the Bridgehampton Speedway during a Porsche Club event. Metropolitan subsequently paid Stevens insurance proceeds in the amount of $4,150.65 dollars.
On October 3, 1997, defendant was involved in another collision also occurring on the Bridgehampton Speedway. Stevens was participating in “the Metro NY Porsche Club of America Driver Education Event.” While entering a corner on the racetrack in excess of 70 mph, Stevens lost control of the vehicle and hit a shoulder of the racetrack, which resulted in a total loss to the vehicle. Stevens again filed a claim for damages to Metropolitan.
Defendant has admitted in his Answer to Plaintiffs Complaint that, with respect to the October 3rd loss, he did not use the term “racetrack” with the claims handler because he wanted Metropolitan to “pull it out of him.” Stevens also admits that he did not provide further information about the location of the accident because he was never asked. Furthermore, Stevens contends that he was hesitant about using the term “racetrack” to describe where the accident took place “because Metropolitan would come to the wrong conclusion.”
Defendant admits that following the initial purchase of the vehicle, he made a number of improvements in order to “improve the handling" of the vehicle at greater speeds. Specifically, he added the following: sway bars were installed to make the vehicle handle better; stiffer torsion bars were installed in the suspension; a limited slip differential was installed; the front calipers were replaced; an upgraded sensor was added; a new exhaust system was added; “headers” were installed; a strut tower brace was installed; a “roll-bar” was installed; and a five-point harness was installed. The total cost of the improvements was $9,000 dollars. Stevens contends that the improvements were made primarily for safety and aesthetic reasons and to improve the handling of the vehicle.
Prior to these incidents at issue, Stevens had participated in a number of other driving “events.” When Stevens first began at these events he was classified as a novice driver. As a novice, the Porsche Club of America required that he have an instructor in the vehicle at all times while on the racetrack. At the time of the October 3, 1997 incident, Stevens had been in the advanced category (the fourth highest in a series of five levels) for two years. Advanced drivers are entitled to drive at a greater speed and are able to pass more than novice drivers. Further, advanced drivers drove unaccompanied.
Stevens admitted in his Answer that he was aware that he was being timed at these events, i.e. at high rates of speed. However, in his Memorandum of Law in Support of the Motion for Partial Summary Judgment, he states that the Porsche Club of America does not permit timing during events, nor did he have knowledge that he was being timed at any of the driving events. Moreover, defendant contends that the purpose of the event is not to achieve greater speed but rather to allow drivers to improve their driving skills in a safe and controlled environment. In support of his contention, Stevens points to an advertisement for the Porsche Club of America, which explicitly states that it is not a “Race Driving School.”[4]
Prior to the October 3rd incident, Stevens spoke to Wade Collandra,[5] his insurance agent at Metropolitan, in regards to his coverage if he participated in the Porsche Club event. Metropolitan alleges that it informed Stevens both verbally and in writing prior to the incident that the event was excluded under the terms of the policy. Furthermore, Metropolitan claims that Stevens was told, in writing, that any losses incurred to the vehicle at the event would not be covered. Stevens denies that he was told that the event was not covered and he states that he never received any written confirmation as to the lack of coverage, even though it was requested.[6]
Upon investigation of the October 3, 1997 incident, Metropolitan learned that the accident took place on the Bridgehampton Speedway. The investigation included an examination of Stevens under oath. As a result of the investigation Metropolitan concluded that the event was excludable under the terms of the insurance policy. Consequently, Steven’s claim was denied.
In the course of investigating the second claim, Metropolitan learned that the first incident in November also occurred at the Bridgehampton Speedway. Metropolitan alleges that Stevens was purposely being deceptive in an attempt to receive payment for a non-covered event. Stevens denies any deception on his part and states that he correctly answered every question posed to him by the adjuster, “but he did not offer extraneous information when he was not asked.”
The language in the insurance policy at issue is contained in Part 7, which states:
We will not pay if an accident occurs when an auto covered under this part is operated in any pre-ar-ranged or organized racing, speed or demolition contest or in practice or preparation for any such contest.
This language is the same in both policies of insurance for both incidents in October 5, 1996 and October 3, 1997.
Metropolitan points to other provisions in the insurance policy, which it alleges, are at issue. With respect to presenting a claim, the insurance policy states as follows:
You agree to pay a premium when due and to cooperate with us in case of accidents or claims.
There are many laws of Massachusetts relating to automobile insurance. We and you must and do agree that, when those laws apply, they are part of this policy.
WHERE THERE IS AN ACCIDENT OR LOSS
Third,
*731 File a Claim With Us
We may also require you and any persons seeking payment under any part of the Policy to submit to an examination under oath at a place designated by us, within a reasonable time after we are notified of the claim.
Fourth,
Cooperate With Us
After an accident or loss, you or anyone else covered under this Policy must cooperate with us in the investigation, settlement, and defense of any claim or lawsuit. Your failure to cooperate may result in the denial of the claim.
It is plaintiff s contention, as set forth in paragraph 16 of its Complaint, that had Stevens disclosed that the October 5, 1997 accident occurred on the Bridgehampton Speedway during a Porsche Club event, Metropolitan would have concluded that the SMAIP did not cover the event because it fell within the “racing" exclusion to the policy. Thus, it would not have paid the claim.
STATEMENT OF CLAIMS
In its Complaint for Declaratory Judgment and Monetary Damages, Metropolitan requests that the Court enter a judgment declaring that it is not obligated to indemnify and pay the collision claims presented by Stevens. Metropolitan further requests a recovery of any and all monies paid to Stevens as a result of these claims. As a basis for declaratory relief, Metropolitan asserts that Stevens failed to cooperate and breached his contract of insurance with Metropolitan in the presentment of the claim and not informing Metropolitan that the incident occurred on a racetrack. In addition, Metropolitan asserts a claim of common law deceit based on Mr. Steven’s alleged misrepresentations and regarding the October 5, 1996 accident.
In his Answer, Defendant Stevens asserts the following counterclaims: 1) Breach of Contract of Insurance: 2) Common Law Deceit and Misrepresentation; and 3) Violation of Consumer Fraud Statute M.G.L.c. 93A.
Plaintiff has filed a Motion for Partial Summary Judgment as to Count IV of Plaintiffs Complaint entitled “Count IV-Request for Declaratory Relief-Language of Policy.”
Defendant Stevens has filed an Opposition to Plaintiffs Motion for Partial Summary Judgment as to Count IV-Request for Declaratory Relief-Language of the Policy and a Cross-Motion for Partial Summary Judgment to the Court. Stevens requests that the Court grant summary judgment against the Plaintiff and in favor of the Defendant and find, as a matter of law that the “racing exclusion” is not applicable to the present case, that Stevens was covered by Metropolitan’s insurance policy and that Metropolitan should pay.
Plaintiff Metropolitan has submitted an Opposition to Defendant’s Cross-Motion for Summary Judgment.
DISCUSSION
Summary judgment is appropriate where there are no genuine issues as to any material fact and where the moving party is entitled to judgment as a matter of law. Community National Bank v. Dawes, 369 Mass. 550, 553 (1973); Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Mass.R.Civ.P. 56(c). The moving party bears the burden of affirmatively demonstrating the absence of a trial issue and that it is entitled to judgment as a matter of law. Pederson v. Time, 404 Mass. 14, 16-7 (1989). In order to satisfy this burden, the moving party may submit affirmative evidence that negates an essential element of the opposing party’s case, or by demonstrating that the opposing party has no reasonable expectation of proving an essential element of his case at trial. Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991); Flesner v. Technical Communications Corp., 410 Mass. 805, 809 (1991). “If the moving party establishes the absence of a triable issue, the party opposing the motion must respond and allege specific facts which would establish the existence of a genuine issue of material fact in order to defeat [the] motion.” Pederson, 404 Mass. at 17. The opposing party cannot rest on their pleadings and mere assertions of disputed facts to defeat the motion for summary judgment. LaLonde v. Eisner, 405 Mass. 207, 209 (1989).
In the instant case, plaintiff Metropolitan presents three arguments in support of its claim that the insurance policy in effect does not cover the two accidents in question. First, Metropolitan argues that in interpreting the SMAIP, the Court must ascertain the fair meaning of the language. Metropolitan contends that because the SMAIP is prescribed by statute and controlled by the Division of Insurance, the correct standard to apply is the fair meaning of the language used as applied to the subject matter. Jacobs v. United States Fidelity & Guarantee Company, 417 Mass. 75, 76 (1994).
Second, Metropolitan argues that a court, in applying the fair meaning standard, would conclude in its interpretation of the policy language that coverage should not be afforded for the two losses on the Bridgehampton Speedway.
Lastly, Metropolitan contends that the Admissions made by Stevens establish that as a matter of law, Metropolitan in under no duty of indemnification. Metropolitan bases its argument on Stevens’ own admissions that he was engaged in a speed contest, was in preparation for a speed contest, was engaged in a prearranged race, and was engaged in a preparation for a prearranged race.
In support of its Motion for Summary Judgment, Metropolitan has submitted an affidavit of Jody Burdnick, an underwriter at Metropolitan, and Maureen Wall, a claims representative with Metropolitan. Ms. Burdick states in her affidavit that she responded to a call from Stevens’ agent who requested her opinion as to whether the Porsche Club events in which Ste *732 vens participated where covered under his insurance policy. Ms. Burdick further states that she advised the agent that there would be no coverage for the events.
In her affidavit, Ms. Wall states that she handled Stevens’ claims for both accidents. Ms. Wall asserts the following: 1) at the time of the loss, it was reported that the loss occurred on a private way; 2) it was not reported that the incident occurred on the Bridgehampton Speedway at a Porsche Club event; and 3) had Metropolitan known that the accident occurred while Stevens was on a racetrack during a Porsche Club event, the claim would not have been paid as Metropolitan would have determined that no coverage was available.
In contrast to Metropolitan’s assertion with respect to the correct standard to be applied in the instant case, Defendant Stevens argues in his opposition that the Court must construe ambiguities in language against the insurer when interpreting the policy language. Quincy Mut. Fire Ins. Co. v. Abernathy, 393 Mass. 81, 82 (1984).
Defendant Stevens argues further that the Plaintiff cannot sustain its burden of proving that the “racing exclusion” is applicable to the instant case. In support of his contention, the Defendant argues that the language at issue is ambiguous because the term “contest” is not defined in the policy. Consequently, Stevens argues the ambiguity must be construed against Metropolitan. Slater v. USF&G Co., 379 Mass. 801, 804 (1980).
In response to Metropolitan’s argument regarding Defendant’s admissions, the Defendant contends that the Request for Admissions is not evidence until entered into evidence by the Defendant, who is the requesting parly. Gordan v. American Tankers Corp., 191 N.E. 51, 53 (1934). Stevens states further that the requests are not signed by Stevens under the pains and penalties of perjury. Accordingly, Stevens contends that the Court should disregard the Metropolitan’s argument on the issue.
The arguments advanced by defendant Stevens are, in the Court’s view, unconvincing. Even if the Court were willing to agree with defendant’s contention that the term “contest” is not defined within the policy, the plaintiff is correct in asserting that the Court must ascertain the fair meaning of the language used in the insurance policy as applied to the subject matter. Gomes v. Metroplitan Property and Casualty Company, 45 Mass.App.Ct. 33 (1998). The fair meaning of the language suggests that the policy at issue does not cover automobile damage sustained during a “prearranged or organized racing, speed or demolition contest or in practice or preparation for such a contest.” It could be inferred from the language of the policy that Metropolitan intended to exclude any form of “racing” from its policy because it involves increased speed and an increased risk. As Metropolitan correctly points out, the purpose of the racing exclusion in the policy was to protect insurance companies from situations where an automobile is not usually found and which present additional hazards and increased risk of loss for which the insurance company did not contract for.
Defendant Stevens suggests that Metropolitan bases its claims on factual misconceptions. Specifically, Stevens contends that his car was modified purely for safety and aesthetic reasons, and not, as the plaintiff argues, for racing. Stevens asserts further that it is illogical to argue that the policy exclusion is triggered by the locus of the event and by the mere use of a car with high-speed capabilities.
In the instant case, there is not a genuine issue of material fact with respect to the issue of whether the defendant was racing on the dates in question. It is clear to the Court that defendant Stevens was engaged in “racing” regardless of the terms he uses to describe the events. The Court finds as a matter of fact and concludes as a matter of law the following: Stevens spent a substantial amount of money to improve his vehicle for the purpose of racing; he was driving his vehicle on a known raceway; he was participating in driving “events” sponsored by the Porsche Club of America; he was travelling at more than 70 mph during both accidents; he was advised by Metropolitan that the Porsche Club of America events were not covered under the terms of the policy; and he misrepresented the nature of the accidents in order to deceive Metropolitan into paying the initial claim. Because there are no material facts in dispute, summary judgment is appropriate in this instance.
ORDER
For the foregoing reasons, the plaintiffs Motion for Summary Judgment is ALLOWED. This Court further orders that defendant’s Cross-Motion for Partial Summary Judgment be DENIED.

 In some documents submitted to the Court, the first collision is referred to as occurring on November 5, 1996.

 MetropoIitian is the plaintiff in the original complaint and the defendant in Counterclaims.

 Just as a rose by any other name is still a rose, so a race by any other name is still a race; so much like a race that any damage to vehicles, or personal injury, are outside insurance coverage.

 Defendant refers to his agent as Mike Collander.

 There is a discrepancy between Defendant’s Answer and his statement of the facts in his Counterclaims. In the former, Stevens denies that Metropolitian informed him that the October 3rd event would not be covered under his insurance policy. In the latter, Stevens asserts that he received verbal confirmation twice that Metropolitian would not cover his participation in the event. Stevens further adds that following two requests to Metropolitian, including a letter, that he wanted to receive written confirmation of the verbal denial of coverage, Metropolitian failed to respond in writing.

 While the plaintiff has styled its motion for declaratory judgment, this Court shall treat it as a motion for summary judgment.